UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN J. ALEXANDER,<br><br>    Plaintiff,<br><br>    v.<br><br>GARZA, et al.,<br><br>    Defendants. | Case No.: 1:20-cv-01486-DAD-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY AND MODIFY THE SCHEDULING ORDER<br><br>(ECF No. 40) |

Plaintiff Julian J. Alexander is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to stay discovery and modify the scheduling order, filed January 4, 2022. Plaintiff did not file an opposition and the time to do so has passed.

**I.**

**BACKGROUND**

This action is proceeding on Plaintiff's deliberate indifference claim against Defendants Hackworth, Garza, Perez, Contreas, and Bonilla, and retaliation claim against Defendants Perez, Bonilla, Contreas, and Hackworth.

Defendants filed an answer to the complaint on September 17, 2021.

On September 20, 2021, the Court set this case for a settlement conference before Magistrate Judge Barbara A. McAuliffe on November 23, 2021, and stayed the case for 70 days. However, on October 29, 2021, Defendants opted out of the settlement conference.

Therefore, on November 2, 2021, the Court issued the discovery and scheduling order.

On January 3, 2022, Defendants filed an exhaustion motion for summary judgment. After receiving an extension of time, Plaintiff filed an opposition on February 24, 2022. After receiving an extension of time, Defendants filed a reply on March 17, 2022.

## II.

## MOTION TO STAY DISCOVERY

The Court is vested with broad discretion to manage discovery. Millner v. Biter, No. 1:13-CV-02029-SAB, 2015 WL 4167386, at *1 (E.D. Cal. July 9, 2015) (citing Dichter–Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. Millner, 2015 WL 4167386, at *1. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue). Id. The propriety of delaying discovery on the merits of Plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. Id. (citing Albino v. Baca, 747 F.3d 1162, 1170–71 (9th Cir. 2014)) (en banc); see also Gibbs v. Carson, No. C–13–0860 THE (PR), 2014 WL 172187, at *2–3 (N.D. Cal. Jan. 15, 2014).

The two-part test for evaluating a request for a stay of discovery due to a pending motion considers: (1) whether "the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed;" and (2) whether "the pending potentially dispositive motion can be decided absent additional discovery." Mlejnecky v. Olympus Imaging Am., Inc., No. 2:10-cv-02630-JAM-KJN, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) (citations omitted). If the moving party satisfies these two prongs, the Court may issue a protective order staying

discovery. Id.; see e.g., Millner, 2015 WL 4167386, at *1 (staying all merits-based discovery pending resolution of Defendant's motion for summary judgment on the issue of exhaustion).

Defendants request the Court to stay merits-based discovery, pending resolution of Defendants' motion for summary judgment based on exhaustion. Defendants argue that good cause exists to grant the motion because (1) Defendants' exhaustion motion will likely dispose of Plaintiff's entire case; (2) the Court can rule on Defendants' exhaustion motion without further discovery because the exhaustion motion includes sufficient information and documentation about Plaintiff's grievance history and efforts to exhaust his claims in this case; and (3) it would be a waste of resources for Defendants to respond to any merits-based discovery requests before the exhaustion motion is decided.

The Court finds good cause to impose a stay on merits-based discovery in this action for all parties pending resolution of the motion for summary judgment. It would be an efficient use of the Court's and the parties' resources to address exhaustion issues before reaching the merits of the case. Moreover, a stay of merits-based discovery does not prevent the parties from conducting any further discovery that may be needed to address the exhaustion issue. Plaintiff has not opposed Defendants' motion for stay, and the Court finds that the stay granted here will not result in prejudice to Plaintiff.

### III.
### MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendants request the Court to vacate the discovery and dispositive motion deadlines in the Court's discovery and scheduling order, pending resolution of Defendants' motion for summary

3

judgment based on exhaustion. Defendants argue that good cause exists to grant the motion because (1) Defendants exercised due diligence in bringing the motion for summary judgment and the instant motion before the close of discovery; (2) vacating these deadlines will avoid the expenditure of resources by the parties in conducting discovery and filing motions concerning the merits of the case, and (3) there is a good possibility that the motion for summary judgment will dispose of the case in its entirety.

Based on the foregoing, the Court finds good cause to modify the discovery and scheduling order to vacate the discovery and dispositive motion deadlines, pending resolution of Defendants' motion for summary judgment based on exhaustion. Therefore, Defendants' motion to modify the scheduling order shall be granted.

## IV.
## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to stay discovery and modify the discovery and scheduling order (ECF No. 40), is granted;
2. All merits-based discovery in this action is stayed, pending resolution of Defendants' motion for summary judgment;
3. The discovery and dispositive motions deadlines are vacated; and
4. If needed, the Court will reset the deadlines following resolution of the pending motion for summary judgment.

IT IS SO ORDERED.

Dated: **April 22, 2022**

UNITED STATES MAGISTRATE JUDGE

4