1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   JULIAN J. ALEXANDER,                 )   Case No.: 1:20-cv-01486-DAD-SAB (PC)
                                          )
12                   Plaintiff,           )
                                          )   **FINDINGS AND RECOMMENDATIONS**
13           v.                           )   **REGARDING DEFENDANTS' EXHAUSTION**
                                          )   **MOTION FOR SUMMARY JUDGMENT**
14   GARZA, et al.,                       )
                                          )   (ECF No. 39)
15                   Defendants.          )
                                          )
16   _____)

17           Plaintiff Julian J. Alexander is proceeding *pro se* and *in forma pauperis* in this civil rights

18   action pursuant to 42 U.S.C. § 1983.

19           Currently before the Court is Defendants' exhaustion motion for summary judgment, filed

20   January 3, 2022.

21                                        **I.**

22                                **RELEVANT BACKGROUND**

23           This action is proceeding on Plaintiff's deliberate indifference claim against Defendants

24   Hackworth, Garza, Perez, Contreras, and Bonilla, and retaliation claim against Defendants Perez,

25   Bonilla, Contreras, and Hackworth.

26           Defendants filed an answer to the complaint on September 17, 2021.

27   ///

28   ///

                                          1

On September 20, 2021, the Court set this case for a settlement conference before Magistrate Judge Barbara A. McAuliffe on November 23, 2021, and stayed the case for 70 days.  However, on October 29, 2021, Defendants opted out of the settlement conference.

Therefore, on November 2, 2021, the Court issued the discovery and scheduling order.

On January 3, 2022, Defendants filed an exhaustion motion for summary judgment.  After receiving an extension of time, Plaintiff filed an opposition on February 24, 2022.  After receiving an extension of time, Defendants filed a reply on March 17, 2022.

On January 4, 2022, Defendants filed a motion to stay discovery and modify the scheduling order.  On April 22, 2022, the Court granted Defendants' motion to stay discovery and vacated the discovery and dispositive motion deadlines.

## II.

## LEGAL STANDARD

### A.    Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions."  42 U.S.C. § 1997e(a); see also Ross v. Blake, 578 U.S. 632, 638 (2016) ("An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones.").  Exhaustion is mandatory unless unavailable.  "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'  Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance."  Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. at 741, and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).  "In the rare event that a failure to exhaust is clear from the face of the complaint, a

defendant may move for dismissal under Rule 12(b)(6)."  Albino, 747 F.3d at 1166.  Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust.  Id.

**B.    Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, although it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172.  If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  Id.  "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."  Id. at 1166.  However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts."  Id.

///

///

3

## III.

## DISCUSSION

### A.      Description of CDCR's Administrative Remedy Process

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances.  Cal. Code Regs. tit. 15, § 3084.1 (2014).  Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). CDCR's administrative grievance process for non-medical appeals consists of three levels of review: (1) first level formal written appeals; (2) second level appeal to the Warden or designees; and (3) third level appeal to the Office of Appeals (OOA).  Inmates are required to submit appeals on a standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event.  Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b).  The California Code of Regulations also requires the following:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue.  To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal.  If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.

Cal. Code Regs. tit. 15, § 3084.2(a)(3).[1]

### B.      Summary of Allegations Underlying Plaintiff's Claims

While Plaintiff was housed at Corcoran State Prison in the year 2018, he suffered from bipolar disorder.  The condition was marked by symptoms such as severe depression, episodes of mania, delusional states, racing thoughts, and suicidal ideations.  Plaintiff was under the treatment of the

---

[1] Effective June 1, 2020, the new rules are set out in Cal. Code Regs. tit. 15, §§ 3480–3486. For purposes of these Findings and Recommendations, all citations refer to the version of the regulations which were effective at the time relevant to Plaintiff's claims.

4

mental health unit.  Plaintiff was just released from the inpatient program within the mental health unit, just two week prior the incidents at issue in this action.

Plaintiff also has an extensive history of self-harm and crisis episodes, such as rage, uncontrollable weeping, and extreme anxiety.

In September 2018, Plaintiff was housed in cell 3A-04, which is in the administrative segregation unit.  On or about September 4, 2018, Plaintiff's condition and mental health began to decompensate due to escalating tensions with the unit correctional staff.

Plaintiff began to voice his complaints about the unit staff's gross negligence and extreme acts of misconduct, including refusing to provide CDCR 602 appeal forms, spraying noncombative inmates and lack of decontamination, refusal to feed inmates, and destroying personal property.  Defendant Perez would frequently take it upon himself to torture inmates he was displeased with by pepper spraying them.  Defendants Garza and Hackworth would stand by and watch the misconduct.

Plaintiff began to document the Defendants' actions on or about September 4, 2018, and that is when he became a target.  Plaintiff confronted Defendants Garza, Hackworth, Perez, Contreas and Bonilla about their misconduct.  Plaintiff's advances were met with extreme contempt and threats of physical harm which was intended to prevent Plaintiff from exposing their misconduct.  Based on the misconduct, Plaintiff was stressed to the point that he was suicidal.  Plaintiff expressed his suicidal ideations.  Plaintiff also broke his cell window in an attempt to force Defendants Garza, Hackworth, Perez, Contreas, and Bonilla to follow policy and remove Plaintiff from his cell for a psychiatric evaluation.  However, Defendants refused to allow Plaintiff to be taken from his cell or to call a psychologist.  Plaintiff's requests were made over a period of four days, to no avail.  Instead, a rolling shield made of clear plexiglass was placed in front of Plaintiff's cell, and Defendants Bonilla and Contreas while provoking him by saying "go ahead cut. If that's what you want to do, … do it."

Defendants Garza and Hackworth both were absolutely aware of everything was taking place because the Plaintiff and his peers would repeatedly yell out to them: "Do you job, were [sic] going to write this up.  And watch, your [sic] going to get sued."  Plaintiff's frustration escalated to the point that he began to curse the Defendants, and Defendants Perez, Bonilla, Contreas, and Hackworth would say "put some bass in your voice.  And keep talk'n and your [sic] going to end up getting rucked

up…But go ahead cut your writ, push paper work (staff complaints) we really don't give a shit.  Keep at it, and you guys will get yours."  Plaintiff was being threatened with physical and mental harm for utilizing the appeal system.

Plaintiff broke his cell window on September 4, 2018.  Then, on September 7, 2018, Plaintiff did exactly what Defendants Perez, Contreras, and Bonilla had repeatedly advised him to do.  Plaintiff was experiencing deep frustration, embarrassment, stress, and deep rage.  When Plaintiff was brought out of the shower he took a shard of glass and proceeded to lacerate his left arm.  After showing Defendant Contreas and stated he was suicidal, Defendants Bonilla and Perez attempted to pepper spray Plaintiff, despite the fact that he was no longer engaged in self-injurious behavior.  Plaintiff avoided being pepper sprayed by taking cover behind the upper tier shower curtain.  Plaintiff later went to the front shower and told floor staff that he was still suicidal.  Defendants Garza, Perez, Contreas, and Bonilla laughed at Plaintiff.  Defendants took turn provoking Plaintiff and threatening him with physical harm.  Defendant Garza failed in his supervisory role to prevent his subordinates from repeatedly engaging in misconduct.  These events took place over a period of eight hours on September 7, 2018.  Plaintiff was left in the shower, with his bleeding wounds exposed, from approximately 2:30 p.m. until 7:00 a.m. the next day.

When Defendant Hackworth started his shift, he continued with the threats and antagonistic behavior.  Defendant Hackworth and Plaintiff exchanged obscenities and Hackworth would say "your [sic] just a little bitch …"  When Plaintiff would respond, Hackworth would say, "well bring your ass out then, 'so we can drag you back to your cell.'"  Defendant Hackworth refused to contact mental health in order to have Plaintiff properly assessed, evaluated and admitted to the mental health crisis unit, despite Plaintiff's pleas that he was suicidal.  When Plaintiff was eventually released from the shower, he was returned to his same cell that had shards of glass inside.

Defendants Garza, Hackworth, Perez, Contreas, and Bonilla knew or should have known that Plaintiff was suffering from a mental health crisis episode because he remained in his cell with a window broken for a period of three consecutive days after telling Defendants that he was a danger to himself and suicidal.  Plaintiff remained in the same cell until September 10, 2018, when he cut himself again and was relocated to a different cell.

6

Defendants Perez, Bonilla, and Contreas personally threatened Plaintiff with actual and physical harm because he was doing what he was advised to by title 15 of the California Code of Regulations in filing staff complaints and routine appeals.  Defendants Garza and Hackworth personally instruct unit staff to hide all the complaint and appeal forms.  The forms would then suddenly appear after Plaintiff would refuse to hand over handcuffs.  Defendants Perez, Contreas, and Bonilla would also refuse to sign all of Plaintiff's outgoing CDCR Form 22 requests.  When Plaintiff requested a signature, he would be told, "o! you two will get what you got coming.  We'll fuck you up."  Had Defendants Garza, Hackworth, Contreas, and Bonilla not deliberately impended Plaintiff's access to the appeal system, the numerous events would have been avoided.  All Defendants refused to allow inmates to drop appeals at the 602/appeal lock box outside of Garza and Hackworth's office.

**C.    Statement of Undisputed Facts[2]**

1.    At all relevant times, the California Department of Corrections and Rehabilitation (CDCR) used a program called the Inmate Appeals Tracking System (IATS) to electronically log and track inmate administrative appeals through all levels of review. (Declaration of Howard E. Moseley (Moseley Decl.) ¶ 3, ECF No. 39-5; Declaration of J. Mendez (Mendez Decl.) at ¶ 4, ECF No. 39-6.)

2.    At all relevant times, CDCR and the California State Prison – Corcoran (COR) Appeals Office had an administrative process available for inmates to submit appeals.  (Moseley Decl. ¶ 1; Mendez Decl. ¶¶ 2-5.)

3.    The COR Appeals Office receives, reviews, and tracks all non-medical inmate appeals submitted for first and second-level review concerning events there.  Accepted first and second-level appeals are assigned a log number in the institution's IATS system.  (Mendez Decl. ¶¶ 2, 4.)

4.    CDCR's Office of Appeals (OOA) receives, reviews, and maintains inmates' non-medical appeals accepted at the third and final level of administrative review.  When OOA receives an appeal, it is assigned a third level tracking number and entered into OOA's computer tracking system.  (Moseley Decl. ¶¶ 2-3.)

///

---

[2] Hereinafter referred to as "UF."

5.      At all relevant times, in order to exhaust the prison administrative remedies, CDCR inmates were required to complete a CDCR Form 602, "Inmate/Parolee Appeal" (Inmate Appeal), and describe the "specific issue under appeal and the relief requested."  (Mendez Decl. ¶ 5; California Code of Regulations, Title 15 § 3084.2(a) [Ex. A to Declaration of Olena Likhachova] (Likhachova Decl.), ECF No. 39-4.)

6.      At all relevant times, CDCR inmates were limited to grieving one issue or related set of issues per each Inmate Appeal form submitted and were required to list all staff member(s) involved in the issue being grieved and describe their involvement in the issue. (Mendez Decl. at ¶ 5; California Code of Regulations, Title 15 § 3084.2(a) [Ex. 2 to Likhachova Decl.].)

7.      At all relevant times, CDCR inmates were required to include in their Inmate Appeal form the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal to assist in the identification of the staff members in the issue subject to the inmate's appeal. (Mendez Decl. at ¶ 5; California Code of Regulations, Title 15 § 3084.2(a) [Ex. 2 to Likhachova Decl.].)

8.      At all relevant times, if an inmate did not have the requested identifying information about the staff member(s) involved in the issue under appeal, he or she was required to provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question. (Mendez Decl. at ¶ 5; California Code of Regulations, Title 15 § 3084.2(a) [Ex. 2 to Likhachova Decl.].)

9.      At all relevant times, CDCR inmates were also required to state all facts known and available to them regarding the issue being appealed at the time of submitting the Inmate Appeal forms. (Mendez Decl. at ¶ 5; California Code of Regulations, Title 15 § 3084.2(a) [Ex. 2 to Likhachova Decl.].)

10.      During all times relevant to this action, Inmate Appeals could be rejected or cancelled for the reasons outlined in California Code of Regulations Title 15, sections 3084.6 (b) and (c), including expiration of time limits, allegations that lack factual evidence and specific detail, and exceeding the allowable number of appeals filed in a 14 calendar day period. (Mendez Decl. at ¶ 7; California Code of Regulations, Title 15 § 3084.6 [Ex. 2 to Likhachova Decl.].)

11.     During all times relevant to this action, Inmate Appeals could not be exhausted through rejection or cancellation. (Mendez Decl. at ¶ 7; California Code of Regulations, Title 15 § 3084.1(b) [Ex. 2 to Likhachova Decl.].)

12.     The events that are the subject of this lawsuit are alleged to have occurred while Plaintiff was housed at COR unit 3A-04 (Enhanced Outpatient (EOP) Administrative Segregation Unit (ASU)) during the period from September 4, 2018 through October 17, 2018. (Complaint, ECF No. 1 at pp. 9-10, 16; Second Amended Complaint, ECF No. 17 at ¶¶ 11 and 13; Exhibit (Ex.) 1 to Likhachova Decl.)

13.     Plaintiff filed his original Complaint alleging Eighth Amendment deliberate indifference and First Amendment retaliation claims against Defendants on August 4, 2020. (Complaint, ECF No. 1.)

14.     The events giving rise to Plaintiff's Eighth Amendment deliberate indifference to mental health claim against Defendants Perez, Bonilla, Contreas, Hackworth and Garza are alleged to have occurred at COR EOP ASU between September 4, 2018 and September 10, 2018. (ECF No. 1 at pp. 9-15; ECF No. 17 ¶¶ 13, 18-23, 27-30, 32, 35-36, 40.)

15.     Plaintiff alleges that Defendants Perez, Bonilla and Contreas were deliberately indifferent to his mental health when they: (a) refused to call for Plaintiff's psychiatric evaluation, denied Plaintiff mental health treatment, and failed to re-locate Plaintiff to another cell after he broke his cell window on September 4, 2018, told them he was suicidal, and threatened to cut his arm open with the glass from his broken window; (b) encouraged Plaintiff to cut himself and threatened him with physical harm; (c) laughed at, provoked and threatened Plaintiff on September 7, 2018 after he lacerated his left arm with the glass from his broken window and claimed to be still suicidal; (d) left Plaintiff in the shower, with his exposed and bleeding wounds, until the following morning; and (e) did not move Plaintiff to another cell, even though this cell still had a broken window with shards of glass inside and outside of the cell, until Plaintiff cut himself again on September 10, 2018. (ECF No. 1 at pp. 9-15; ECF No. 17 ¶¶ 18-23, 27-30, 32, 36, 40.)

16.     Plaintiff alleges that Defendant Hackworth was deliberately indifferent to his mental health in violation of the Eighth Amendment when he: (a) disregarded Plaintiff's claims that he was

suicidal and intended to cut open his arm with the glass from the cell window he broke on September 4, 2018; (b) failed to remove Plaintiff from the cell containing shards of glass from the broken window and failed/refused to call for Plaintiff's psychiatric evaluation; (c) threatened Plaintiff and refused to contact mental health professionals to get Plaintiff properly assessed, evaluated, and admitted to a mental health crisis bed facility despite Plaintiff's repeated cries for help and claims to be suicidal after he lacerated his left arm on September 7, 2018; (d) left Plaintiff in the shower, with his exposed and bleeding wounds, until the following morning; and (e) did not move Plaintiff to another cell, even though this cell still had a broken window with shards of glass inside and outside of the cell, until Plaintiff cut himself again on September 10, 2018. (ECF No. 1 at pp. 9-15; ECF No. 17 ¶¶ 18-23, 27, 35-36, 40.)

17.     Plaintiff alleges that Defendant Garza was deliberately indifferent to his mental health in violation of the Eighth Amendment when he: (a) disregarded Plaintiff's claims that he was suicidal and intended to cut open his arm with the glass from the cell window he broke on September 4, 2018; (b) failed to remove Plaintiff from the cell containing shards of glass from the broken window and failed/refused to call for Plaintiff's psychiatric evaluation; (c) provoked Plaintiff and threatened him with physical harm after he lacerated his left arm and claimed to be still suicidal; (d) left Plaintiff in the shower, with his exposed and bleeding wounds, until the following morning; and (e) did not move Plaintiff to another cell, even though this cell still had a broken window with shards of glass inside and outside of the cell, until Plaintiff cut himself again on September 10, 2018. (ECF No. 1 at pp. 9-15; ECF No. 17 ¶¶ 18-23, 27-30, 32, 36, 40.)

18.     The events giving rise to Plaintiff's First Amendment retaliation claim against Defendants Hackworth, Perez, Bonilla and Contreas are alleged to have occurred at COR 3A-04 (EOP ASU) between September 4, 2018 and October 17, 2018. (ECF No. 1 at p. 16; ECF No. 17 ¶¶ 11, 13-14, 16; Ex. 1 to Likhachova Decl.)

19.     Plaintiff alleges that Defendants Hackworth, Perez, Bonilla and Contreas engaged in First Amendment retaliation against Plaintiff when they threatened him with physical harm for filing staff complaints and routine appeals. (ECF No. 1 at p. 16; ECF No. 17 ¶¶ 45 and 52.)

20.     Plaintiff claims to have fully exhausted his prison administrative remedies in connection with his Eighth Amendment deliberate indifference claims against Defendants Bonilla,

Perez, Contreas, Hackworth and Garza through the inmate appeal log no. CSPC-8-18-05559 that was assigned OOA no. 18188363. (Second Am. Compl., ECF No. 17 at p. 22 of 32; Ex. 3 to Likhachova Decl. at p. 3; Ex. 4 to Likhachova Decl. at p. 3; Ex. 5 to Likhachova Decl. at p. 3; Ex. 6 to Likhachova Decl. at p. 3.)

21.     Plaintiff claims to have fully exhausted his prison administrative remedies in connection with his First Amendment retaliation claims against Defendants Bonilla, Perez, Contreas, and Hackworth through the inmate appeal log no. CSPC-8-18-05559 that was assigned OOA no. 18188363. (Second Am. Compl., ECF No. 17 at p. 22 of 32; Ex. 3 to Likhachova Decl. at pp. 3-4; Ex. 5 to Likhachova Decl. at pp. 3-4; Ex. 6 to Likhachova Decl. at pp. 3-4.)

22.     Plaintiff also claims to have attempted to exhaust his prison administrative remedies regarding his Eighth Amendment deliberate indifference and First Amendment retaliation claims against Defendant Bonilla through the appeal log nos. CSPC-2-18-04625 and CSPC-2-18-04626. (Second Am. Compl., ECF No. 17 at p. 22 of 32; Ex. 7 to Likhachova Decl. at pp. 3-4.)

23.     Plaintiff's appeal log no. CSPC-8-18-05559 was received by the COR Appeals Office on October 18, 2018. The appeal alleged deliberate indifference to Plaintiff's mental health by Defendants Perez and Contreas occurring between September 4, 2018 and September 10, 2018. Plaintiff's allegation regarding Defendant Garza's involvement in the issue under appeal were limited to a single statement – that Defendant Garza "participated". (Mendez Decl. at ¶ 10 and Ex. B; Moseley Decl. at ¶ 8 and Ex. 2.)

24.     Plaintiff's appeal log no. CSPC-8-18-05559 did not grieve any First Amendment retaliation through threats of physical harm by Defendants Bonilla, Perez, Contreas and/or Hackworth. (Mendez Decl. at ¶ 10 and Ex. B; Moseley Decl. at ¶ 8 and Ex. 2.)

25.     Plaintiff's appeal log no. CSPC-8-18-05559 did not include any allegations of misconduct by Defendants Bonilla and Hackworth. (Mendez Decl. at ¶ 10 and Ex. B; Moseley Decl. at ¶ 8 and Ex. 2.)

26.     Appeal log no. CSPC-8-18-05559 was rejected (screened out) at the second level of review on October 22, 2018 pursuant to then-operative California Code of Regulations (CCR), Title 15, Section 3084.6(b)(3), because Plaintiff exceeded the allowable number of non-emergency appeals

filed within a fourteen-calendar-day period pursuant to CCR, Title 15, Section 3084.1(f). (Mendez Decl. at ¶ 11; Ex. A to Mendez Decl.; Ex. B to Mendez Decl. at p. B001; Ex. 2 to Moseley Decl.; CCR, Title 15 Sections 3084.1(f) and 3084.6(b)(3) (2018) attached as Ex. 2 to Likhachova Decl.)

27. The appeal log no. CSPC-8-18-05559 rejection notice dated October 22, 2018 notified Plaintiff that he could not appeal a rejected appeal and that he should take the corrective action necessary and resubmit the appeal within thirty calendar days of the rejection. (Mendez Decl. at ¶ 12 and Ex. B at p. B001; Ex. 2 to Moseley Decl.; CCR, Title 15 Sections 3084.6(a) and 3084.8(b) (2018) attached as Ex. 2 to Likhachova Decl.)

28. Following the rejection of Plaintiff's appeal log no. CSPC-8-18-05559 at the Second Level of Review on October 22, 2018, Plaintiff did not resubmit this appeal to the COR Appeals Office. (Mendez Decl. at ¶ 16 and Ex. A.)

29. Plaintiff's appeal log no. CSPC-8-18-05559 was first received by the OOA on November 26, 2018 and was assigned OOA no. 18188363. This appeal was first rejected by the OOA on February 6, 2019, pursuant to then-operative CCR, Title 15 Section 3084.6(b)(15) because it bypassed the required lower level of review. (Moseley Decl. at ¶ 8 and Ex. 2; CCR, Title 15 Section 3084.6(b)(15) [Ex. 2 to Likhachova Decl.].)

30. Plaintiff's appeal log no. CSPC-8-18-05559 (OOA no. 18188363) was again received by the OOA on February 19, 2019, and was screened out (rejected) on March 13, 2019, pursuant to then-operative CCR, Title 15, Section 3084.6(b)(15), because it bypassed the required lower level(s) of review. (Moseley Decl. at ¶ 8 and Ex. 2; CCR, Title 15 Section 3084.6(b)(15) [Ex. 2 to Likhachova Decl.].)

31. Plaintiff did not receive a final decision regarding his allegations in appeal log no. CSPC-8-18-05559 at either the second or third and final levels of review. (Moseley Decl. at ¶¶ 10-11; Mendez Decl. at ¶¶ 11-12, 16.)

32. Plaintiff's appeal log no. CSPC-2-18-04626 was received by the COR Appeals Office on September 10, 2018. The appeal alleged that unidentified COR EOP ASU staff refused to provide Plaintiff "forms" he requested, which caused Plaintiff to break his cell window on September 4, 2018, leaving sharp shards of glass at Plaintiff's disposal. Plaintiff also alleged that COR EOP ASU staff "Bonia" attempted to

pepper-spray Plaintiff for talking to him and COR EOP ASU staff "Boniah" threatened Plaintiff's life on or around September 5, 2018. This appeal requested that Plaintiff be removed from the COR EOP ASU and transferred back to CCCMS. (Mendez Decl. at ¶ 15 and Ex. D at pp. D002 and D004.)

33.     Appeal log no. CSPC-2-18-04626 was rejected at the second level of review on September 11, 2018, pursuant to CCR, Title 15, Section 3084.6(b)(3), because Plaintiff exceeded the allowable number of appeals filed in a fourteen-calendar-day period pursuant to CCR, Title 15, Section 3084.1(f). (Mendez Decl. at ¶ 15 and Ex. D; CCR, Title 15 Sections 3084.1(f) and 3084.6(b)(3) (2018) attached as Ex. 2 to Likhachova Decl.)

34.     Appeal log no. CSPC-2-18-04626 rejection notice dated September 11, 2018, notified Plaintiff that he could not appeal multiple issues within one appeal and directed him to clarify his one issue on the bottom of the rejection notice and submit his appeal within had to clarify his one issue. could not appeal a rejected appeal and that he should take the corrective action necessary and resubmit the appeal within thirty calendar days of the rejection. (Ex. D to Mendez Decl. at p. D001; California Code of Regulations, Title 15 Sections 3084.6(a) and 3084.8(b) (2018) [Likhachova Decl., Ex. 2]

35.     Following the rejection of Plaintiff's appeal log no. CSPC-2-18-04626 at the second level of review on September 11, 2018, Plaintiff did not resubmit this appeal to the COR Appeals Office as directed in the September 11, 2018 rejection notice. (Mendez Decl. at ¶ 16 and Ex. A.)

36.     Plaintiff did not submit appeal log no. CSPC-2-18-04626 for third-level review before he filed his Complaint against Defendants on August 4, 2020. (Moseley Decl. at ¶ 9 and Ex. 1.)

37.     Plaintiff's appeal log no. CSPC-2-18-04625 was received by the COR Appeals Office on September 10, 2018, and again on October 1, 2018. The appeal alleged that on September 6, 2018, Defendant Perez, after pepper-spraying other inmates without cause and refusing to allow them to properly decontaminate, threatened Plaintiff that he was "next" causing Plaintiff to fear for his safety. This appeal does not contain any allegations of deliberate indifference to Plaintiff's mental health or any allegations that Defendant Perez's purported threat to pepper spray Plaintiff had anything to do with any grievances or staff complaints. This appeal did not contain any allegations of misconduct by Defendants Garza, Bonilla, Contreas or Hackworth. This appeal was initially rejected at the second level of review on September 11, 2018, but was accepted at the second level of review on October 5,

2018. This appeal was partially granted at the second level of review in that an appeal inquiry was completed and found that staff did not violate CDCR policy. (Mendez Decl. at ¶ 13 and Ex. C.)

38.     Plaintiff did not submit appeal log no. CSPC-2-18-04625 for third-level review before he filed his Complaint against Defendants on August 4, 2020. (Moseley Decl. at ¶ 9 and Ex. 1.)

39.     Between September 4, 2018 and August 4, 2020, Plaintiff did not submit any other appeals alleging that Defendants Contreas, Hackworth, Bonilla or Perez retaliated against him for filing any grievances or staff complaints during Plaintiff's stay at COR EOP ASU in the fall of 2018. (Mendez Decl. at ¶ 16; Moseley Decl. at ¶¶ 10-11.)

40.     Between September 4, 2018 and August 4, 2020, Plaintiff did not submit any other appeals alleging deliberate indifference to Plaintiff's mental health by Defendants Contreas, Garza, Hackworth, Bonilla or Perez occurring between September 4, 2018 and September 10, 2018. (Mendez Decl. at ¶ 16; Moseley Decl. at ¶¶ 10-11.)

41.     The allegations in Plaintiff's appeal log no. CSPC-8-18-05559 only cover the period from September 4, 2018 through September 7, 2018. (Ex. B to Mendez Decl. at pp. B002 and B004.)

42.     From September 4, 2018 to August 4, 2020, the OOA issued final third-level decisions on five separate inmate appeals filed by Plaintiff Alexander. None of those appeals contained allegations involving Defendants Garza, Hackworth, Bonilla, Perez or Contreas. (Moseley Decl. at ¶ 10; Moseley Decl., Exs. 1, 3-7.)

43.     No appeal submitted by Plaintiff alleging misconduct by any Defendant named in this action occurring between September 4, 2018 and October 17, 2018 received a final third-level decision before Plaintiff filed his Complaint on August 4, 2020. (Moseley Decl. at ¶¶ 10-11; Moseley Decl., Ex. 1, 3-7.)

### D.     Analysis of Defendants' Motion

Defendants argue the undisputed facts demonstrate that Plaintiff failed to exhaust his claims against them as required by the PLRA.

In opposition, Plaintiff argues that his grievances were improperly rejected and his efforts to exhaust the administrative remedies were thwarted by prison officials.

///

14

Here, it is undisputed that the events at issue in this lawsuit are alleged to have occurred while Plaintiff was housed at COR unit 3A-04 (Enhanced Outpatient (EOP) Administrative Segregation Unit (ASU)) during the period from September 4, 2018 through October 17, 2018. (UF 12.)  The events giving rise to Plaintiff's Eighth Amendment deliberate indifference to mental health claim against Defendants Perez, Bonilla, Contreas, Hackworth and Garza are alleged to have occurred at COR EOP ASU between September 4, 2018 and September 10, 2018. (UF 14.)  The events giving rise to Plaintiff's First Amendment retaliation claim against Defendants Hackworth, Perez, Bonilla and Contreas are alleged to have occurred at COR 3A-04 (EOP ASU) between September 4, 2018 and October 17, 2018. (UF 18.)

The Court will address exhaustion of the administrative remedies as to each Defendant in turn.

### 1.   Defendant Contreas

Plaintiff alleges that Defendant Contreas violated Plaintiff's First Amendment rights by threatening Plaintiff with physical harm in retaliation for filing grievances and staff complaints.  (UF 19.) This purported retaliation is alleged to have occurred during Plaintiff's stay at COR EOP ASU between September 4, 2018 and October 17, 2018. (UF 18.)  Plaintiff also contends that Defendant Contreas acted with deliberate indifference by failing to provide mental health treatment between September 4, 2018 and September 10, 2018.  (UF 15.)

Plaintiff claims to have fully exhausted all available prison administrative remedies regarding his First Amendment retaliation and Eighth Amendment deliberate indifference to mental health claims against Defendant Contreas through the inmate appeal log no. CSPC-8-18-05559 that was assigned OOA log no. 18188363. (UF 20-21.)

### a.    Retaliation Claim

Although Plaintiff claims to have exhausted his retaliation claim against Defendant Contreas through appeal log no. CSPC-8-18-05559, a review of this this appeal reveals that it does not contain any allegations that Defendant Contreas threatened Plaintiff's life in retaliation for filing staff complaints and/or grievances.  (UF 24.)  In appeal log no. CSPC-8-18-05559, Plaintiff alleged the following:

///

On or about 9/7/18 in 3A-04 I after being allowed 3 days after the fact to remain in cell #208 after breaking the cell wi[n]dow leaving thousands of glass shards inside and out along the tier. I from 9/4/18 – 9/7/18 notified officers Perez and Contreras that I need to be relocated or I'd commenced to cutting myself w/the glass the[y] negligently left at my disposal. Both from the start to finish suggested I do just that. I did so. In the B. section top shower on 9/7/18 when Contreras by me was notified about the occur[e]nce he and later on Perez (literally) attempted to oc spray me for saying I was suicidal and refusing to adhere to their request to return to by cell d[e]spite my multiple lacerations to my right arm [a]nd my request to see a psych. These officer always ignore suicidal inmates pleas for help [a]nd punish them for going suicidal. They also stand way to close to psych's eavesdropping on a confidential di[alogue]. They also taunted me for hours refusing to feed me. The psych came but I couldn't talk to her because of them coercing her. So I was left in the shower all night & Sgt. Garza participated.

(Mendez Decl. Ex. B.)

It is clear that this grievance did not describe the retaliation claim against Defendant Contreras, and the grievance did not exhaust administrative remedies as to his claim against this Defendant. <u>See</u> Cal. Code Regs. tit. 15, § 3084.2(a)(3); <u>see also</u> <u>Burton v. Lee</u>, No. 12-cv-03158-JST, 2019 WL 12450869, at *8 (N.D. Cal. July 22, 2019), <u>aff'd</u>, 851 F. App'x 777 (9th Cir. 2021). The record reveals that he failed to exhaust any other grievances relevant to Plaintiff's complaint. (UF 40.) Therefore, Defendant has met his burden to show that Plaintiff failed to exhaust administrative remedies available to him.

Upon this showing by Defendant, the burden shifts to Plaintiff to come forward with evidence showing that something in his case made the existing administrative remedies effectively unavailable to him. <u>See</u> <u>Albino</u>, 747 F.3d at 1172. Although Plaintiff contends that this grievance was improperly rejected rendering the administrative remedies unavailable, he fails to provide evidence to great a genuine issue of material fact to demonstrate that this grievance raised the retaliation claim against Defendant Contreras. To the extent Plaintiff contends that appeal number CSPC-8-19-02356 (SAC-19-00853) served to exhaust his retaliation claim against Defendant Contreras, the Court does not agree. Even assuming, without deciding, that this appeal proceeded to the third and final level of review, as stated in the second level response (the only document submitted with regard to this appeal), Plaintiff alleged that "on or about January 5, 2019, you were harassed by Officer Contreras who was temporarily on duty. You allege Officer Contreras was being verbal with Officers Madrigal and Scalia for refusing to feed you. You allege while Officer Contreras was conducting the pipe check yelled out

16

loud, "shut the fuck up, you little bitch," to insight the floor staff on duty to drag them down with him. You allege Officer Contreras would kick stale pieces of bread under your cell door as [he] walked by." (Opp'n at 78-82.)[3]  However, it is undisputed that the retaliatory allegations presented in the present action took place between September 4, 2018 and October 17, 2018.  Furthermore, this appeal does not raise the retaliation claim presented in this action.  Accordingly, Plaintiff has failed to exhaust his retaliation claim against Defendant Contreras.

> **b.     Eighth Amendment Claim**

Plaintiff also claims that appeal no. CSPC-8-18-05559 exhausted his Eighth Amendment claim against Defendant Contreras.

As an initial matter, it is clear that the allegations in appeal no. CPSC-8-18-05559 only cover the period from September 4, 2018 through September 7, 2018.  (UF 41.)  Consequently, Plaintiff's claim regarding Defendant Contreras's purported deliberate indifference to his mental health from September 8, 2018 to September 10, 2018 could not have been exhausted by way of this appeal.

Furthermore, it is undisputed that appeal no. CSPC-8-18-05559 was twice rejected at the third and final level of review pursuant to the then-operative California Code of Regulations, Title 15, Section 3084.6(b)(15) for bypassing the required lower level(s) of review.  (UF 29-30.)  To properly exhaust administrative remedies, prisoners "must complete the administrative review process in accordance with the applicable procedural rules." Woodford v. Ngo, 548 U.S. at 88. Procedural rules are not defined by the PLRA, but rather by a prison's specific grievance process requirements. Jones v. Bock, 549 U.S. at 218. The purpose of mandating exhaustion is to allow "prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being hauled into court." Id. at 204.  Contrary to Plaintiff's contention, this appeal was properly rejected pursuant to section 3084.6(b)(15) as procedurally deficient.  See, e.g., Madrid v. Anglea, No. 1:19-CV-01456-NONE-JLT-PC, 2021 WL 4502846, at *3 (E.D. Cal. Oct. 1, 2021), adopted by, 2021 WL 4988864 (E.D. Cal. Oct. 27, 2021) (finding that plaintiff failed to exhaust his administrative remedies where

---

[3] All references to pagination of Plaintiff's opposition pertain to those as indicated on the upper right corner via the CM/ECF electronic court docketing system.

plaintiff's appeal was rejected at the third level of review for bypassing the lower level of review); <u>Hampton v. Virga</u>, No. 2:13-CV-0923-JAM-DBP, 2019 WL 4596606, at *7 (E.D. Cal. Sept. 23, 2019), adopted by, 2019 WL 6009523 (E.D. Cal. Nov. 14, 2019) (finding that plaintiff failed to exhaust his administrative remedies where the only relevant grievance plaintiff filed was rejected at the third level of review and was not resubmitted).  To the extent Plaintiff contends that appeal no. CSPC-8-19-02356 served to exhaust his retaliation claim against Defendant Contreras, it does not.  As explained above, in appeal no. CSPC-8-19-02356, Plaintiff claimed that on January 5, 2019, he was harassed by Defendant Contreras.  This appeal involves conduct which took place well after September 2018, and does not allege that Defendant Contreras was deliberately indifferent to his serious mental health needs.  Accordingly, this appeal could not and did not exhaust the deliberate indifference claim against Defendant Contreras.

### 2.  Defendant Garza

Plaintiff alleges that Defendant Garza was deliberately indifferent to his mental health in violation of the Eighth Amendment when he: (a) disregarded Plaintiff's claims that he was suicidal and intended to cut open his arm with the glass from the cell window he broke on September 4, 2018; (b) failed to remove Plaintiff from the cell containing shards of glass from the broken window and failed/refused to call for Plaintiff's psychiatric evaluation; (c) provoked Plaintiff and threatened him with physical harm after he lacerated his left arm and claimed to be still suicidal; (d) left Plaintiff in the shower, with his exposed and bleeding wounds, until the following morning; and (e) did not move Plaintiff to another cell, even though this cell still had a broken window with shards of glass inside and outside of the cell, until Plaintiff cut himself again on September 10, 2018.  (UF 17.)

Plaintiff claims he exhausted his deliberate indifference claim against Defendant Garza by way of appeal log no. CSPC-8-18-05559, which was assigned OOA log no. 18188363.  (UF 20.)  However, with regard to Defendant Garza, in appeal log no. CSPC-8-18-05559, Plaintiff made one vague statement at the end of the allegations claiming Defendant Garza "participated."   (Mendez Decl. Ex. B.)  This vague and single statement does not comply with the CDCR regulations which required Plaintiff to describe the specific issue under appeal, identify all staff members, and to specifically describe their involvement in the issue.  By simply stating that Defendant Garza "participated,"

Plaintiff did not specifically describe the alleged misconduct by Garza to allow prison officials to investigate and remedy the problem.  Although " '[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation,' " <u>Reyes v. Smith</u>, 810 F.3d 654, 659 (9th Cir. 2016), this single sentence did not specifically describe the alleged misconduct by Garza to allow prison officials to properly investigate and did not suffice to satisfy the standards of § 3084.2(a) to exhaust administrative remedies for deliberate indifference claim.

Nonetheless, even if this grievance adequately alleged the deliberate indifference by Defendant Garza, it was properly rejected.

In opposition, Plaintiff argues that this appeal should have been processed as an emergency appeal and not subject to the 14-day restriction.  The Court does not agree.

Under the then-applicable regulations, when an inmate submits an appeal that does not comply with regulations governing the appeal process, an appeals coordinator will reject and return the appeal with the reason for the rejection and provide instructions to correct the defect, if correction is possible. Cal. Code Regs. tit. 15, ¶ 3084.6(b), (c).  An appeal may be rejected or cancelled for the reasons outlined in California Code of Regulations, Title 15, sections 3084.6 (b) and (c), including expiration of time limits, allegations that lack factual evidence and specific detail, and exceeding the allowable number of appeals filed in a 14 calendar day period. (<u>Id.</u>) If an appeal is rejected or cancelled, it is not exhausted. Cal. Code Regs. tit. 15, ¶¶ 3084.6(b), (c), 3084.1.  Submitting more than one appeal for initial review within a 14 calendar day period is considered excessive, unless the inmate is submitting an emergency appeal. Cal. Code Regs. tit. 15, ¶¶ 3084.4(a)(1)-(2), 3084.4(b). The repeated filing of cancelled appeals is also an abuse of the appeals process. (<u>Id.</u>) Appeals that are deemed a misuse of the appeals process can be rejected and the appeals office may place restrictions on an inmate who abuses the appeals process. (<u>Id.</u>)

Title 15, Section 3084.9(a)(1) of the California Code of Regulations provides an exception to the normal grievance appeals process for "emergency" appeals. Cal. Code Regs., tit. 15 § 3084.9(a)(1).  According to the regulations, an appeal should be "processed as an emergency appeal" when "circumstances are such that the regular appeal time limits would subject the inmate ... to a substantial risk of personal injury or cause other serious and irreparable harm." <u>Id.</u> § 3084.9(a)(1).

"Emergency circumstances include, but are not limited to (A) [t]hreat of death or injury due to enemies or other placement concerns [and] (B) [s]erious and imminent threat to health or safety." Id. Emergency appeals "shall be submitted directly to the appeals coordinator and shall include a clear description of the circumstances warranting emergency processing." Id. § 3084.9(a)(2). The appeals coordinator determines whether emergency processing is appropriate. See id. § 3084.9(a)(2)-(3). If it is determined a grievance warrants "emergency appeal" processing, the grievance must bypass the first level of review and receive a second level review within five working days. Id. § 3084.9(a)(4). However, "[i]f the appeals coordinator determines emergency processing is unwarranted, the inmate or parolee shall be notified and the appeal shall be processed pursuant to subsection 3084.5(b)(2)," which requires the prisoner be notified that the appeal "does not meet the criteria for processing as an emergency appeal and has been either accepted for regular processing or is rejected for the specific reason(s) cited." Id. §§ 3084.9(a)(3), 3084.5.

Appeal log no. CSPC-8-18-05559 was initially rejected at the second level of review for filing too many appeals within a 14-day period. (UF 26-27.) It was then twice rejected at the third and final level of review pursuant to the then-operative California Code of Regulations, Title 15, Section 3084.6(b)(15) for bypassing the required lower level(s) of review. (UF 29-30.) It is clear that appeal log no. CSPC-8-18-05559 was not processed as an emergency appeal, and it was properly rejected because Plaintiff submitted more than one non-emergency appeal within a 14-day period, and then twice attempted to bypass the lower level of review. Cal. Code Regs. tit. 15, §§ 3084.1(f); 3084.6(b)(15); See Gonzales v. Gonzales, No. 1:19-cv-00459-NONE-SAB-PC, 2020 WL 4700736, at *8 (E.D. Cal. Aug. 13, 20202), adopted by, 2020 WL 5764252 (E.D. Cal. Sept. 28, 2020) (finding the plaintiff failed to exhaust his administrative remedies where plaintiff's appeal was rejected at the institutional level of review for exceeding the number of available appeals filed in a 14-day period under § 3084.1 and plaintiff failed to correct any issue raised in the rejection notice and pursue the available remedies); Crawford v. Beard, No. 14-cv-05578-MEJ, 2017 WL 4354898, at *8-9 (N.D. Cal. Sept. 29, 2017) (same); Blacher v. Buffaloe, No. CV 16-5016-GW (AGR), 2020 WL 4037204, at *5 (C.D. Cal. June 4, 2020) (same). Accordingly, Plaintiff failed to exhaust his claims against Defendant Garza.

3.    <u>Defendant Hackworth</u>

Plaintiff alleges that Defendant Hackworth was deliberately indifferent to his mental health in violation of the Eighth Amendment when he: (a) disregarded Plaintiff's claims that he was suicidal and intended to cut open his arm with the glass from the cell window he broke on September 4, 2018; (b) failed to remove Plaintiff from the cell containing shards of glass from the broken window and failed/refused to call for Plaintiff's psychiatric evaluation; (c) threatened Plaintiff and refused to contact mental health professionals to get Plaintiff properly assessed, evaluated, and admitted to a mental health crisis bed facility despite Plaintiff's repeated cries for help and claims to be suicidal after he lacerated his left arm on September 7, 2018; (d) left Plaintiff in the shower, with his exposed and bleeding wounds, until the following morning; and (e) did not move Plaintiff to another cell, even though this cell still had a broken window with shards of glass inside and outside of the cell, until Plaintiff cut himself again on September 10, 2018. (UF 16.)  Plaintiff alleges that Defendant Hackworth engaged in First Amendment retaliation against Plaintiff when he threatened him with physical harm for filing staff complaints and routine appeals. (UF 19.)

As with the prior claims, Plaintiff contends to have exhausted the administrative remedies regarding his claims against Defendant Hackworth by way of appeal log no. CSPC-8-18-05559 that was assigned OOA log no. 18188363.

    a.    **Retaliation Claim**

Although Plaintiff claims to have exhausted his retaliation claim against Defendant Hackworth through appeal log no. CSPC-8-18-05559, a review of this this appeal reveals that it does not contain any allegations that Defendant Hackworth threatened Plaintiff's life in retaliation for filing staff complaints and/or grievances.  (UF 24.)  Thus, because this grievance did not describe the retaliation claim against Defendant Hackworth, Plaintiff did not exhaust administrative remedies as to his claim against Defendant. <u>See</u> Cal. Code Regs. tit. 15, § 3084.2(a)(3); <u>see also</u> <u>Burton v. Lee</u>, No. 12-cv-03158-JST, 2019 WL 12450869, at *8 (N.D. Cal. July 22, 2019), <u>aff'd</u>, 851 F. App'x 777 (9th Cir. 2021). The record reveals that he failed to exhaust any other grievances relevant to Plaintiff's complaint. (UF 40.)  Therefore, Defendant has met his burden to show that Plaintiff failed to exhaust administrative remedies available to him.

Upon this showing by Defendant, the burden shifts to Plaintiff to come forward with evidence showing that something in his case made the existing administrative remedies effectively unavailable to him. See Albino, 747 F.3d at 1172.  Although Plaintiff contends that this grievance was improperly rejected rendering the administrative remedies unavailable, he fails to provide evidence to create a genuine issue of material fact to demonstrate that this grievance raised the retaliation claim against Defendant Hackworth.

      **b.**        **Eighth Amendment Claim**

Although Plaintiff claims to have exhausted his deliberate indifference against Defendant Hackworth through appeal log no. CSPC-8-18-05559, a review of this this appeal reveals that it does not contain any allegations of misconduct by Defendant Hackworth, much less that he acted with deliberate indifference to his mental health.  (UF 25.)  Thus, because this grievance did not describe the deliberate indifference claim against Defendant Hackworth, Plaintiff did not exhaust administrative remedies as to his claim against Defendant. See Cal. Code Regs. tit. 15, § 3084.2(a)(3); see also Burton v. Lee, No. 12-cv-03158-JST, 2019 WL 12450869, at *8 (N.D. Cal. July 22, 2019), aff'd, 851 F. App'x 777 (9th Cir. 2021). The record reveals that he failed to exhaust any other grievances relevant to Plaintiff's complaint. (UF 39-40.)  Therefore, Defendant has met his burden to show that Plaintiff failed to exhaust administrative remedies available to him.

Upon this showing by Defendant, the burden shifts to Plaintiff to come forward with evidence showing that something in his case made the existing administrative remedies effectively unavailable to him. See Albino, 747 F.3d at 1172.  Although Plaintiff contends that CSPC-8-18-05559 was improperly rejected rendering the administrative remedies unavailable, he fails to provide evidence to great a genuine issue of material fact to demonstrate that this grievance raised the deliberate indifference claim against Defendant Hackworth.  As stated above, appeal log no. CSPC-8-18-05559 was initially rejected at the second level of review for filing too many appeals within a 14-day period. (UF 26-27.)  It was then twice rejected at the third and final level of review pursuant to the then-operative California Code of Regulations, Title 15, Section 3084.6(b)(15) for bypassing the required lower level(s) of review.  (UF 29-30.)  It is clear that appeal log no. CSPC-8-18-05559 was not processed as an emergency appeal, and it was properly rejected because Plaintiff submitted more than

one non-emergency appeal within a 14-day period, and then twice attempted to bypass the lower level of review.  Cal. Code Regs. tit. 15, §§ 3084.1(f); 3084.6(b)(15); See Gonzales v. Gonzales, No. 1:19-cv-00459-NONE-SAB-PC, 2020 WL 4700736, at *8 (E.D. Cal. Aug. 13, 20202), adopted by, 2020 WL 5764252 (E.D. Cal. Sept. 28, 2020) (finding the plaintiff failed to exhaust his administrative remedies where plaintiff's appeal was rejected at the institutional level of review for exceeding the number of available appeals filed in a 14-day period under § 3084.1 and plaintiff failed to correct any issue raised in the rejection notice and pursue the available remedies); Crawford v. Beard, No. 14-cv-05578-MEJ, 2017 WL 4354898, at *8-9 (N.D. Cal. Sept. 29, 2017) (same); Blacher v. Buffaloe, No. CV 16-5016-GW (AGR), 2020 WL 4037204, at *5 (C.D. Cal. June 4, 2020) (same).

Moreover, Defendant has submitted evidence that from September 4, 2018 through August 4, 2020, Plaintiff did not submit any other inmate appeals grieving the purported misconduct by Defendant Hackworth.  (UF 39-40.)

### 4.    Defendant Bonilla

Plaintiff alleges that Defendant Bonilla was deliberately indifferent to his mental health when he: (a) refused to call for Plaintiff's psychiatric evaluation, denied Plaintiff mental health treatment, and failed to re-locate Plaintiff to another cell after he broke his cell window on September 4, 2018, told them he was suicidal, and threatened to cut his arm open with the glass from his broken window; (b) encouraged Plaintiff to cut himself and threatened him with physical harm; (c) laughed at, provoked and threatened Plaintiff on September 7, 2018 after he lacerated his left arm with the glass from his broken window and claimed to be still suicidal; (d) left Plaintiff in the shower, with his exposed and bleeding wounds, until the following morning; and (e) did not move Plaintiff to another cell, even though this cell still had a broken window with shards of glass inside and outside of the cell, until Plaintiff cut himself again on September 10, 2018. (UF 15.)  Plaintiff also alleges that Defendant Bonilla engaged in First Amendment retaliation against Plaintiff when he threatened him with physical harm for filing staff complaints and routine appeals. (UF 19.)

#### a.    Retaliation and Eighth Amendment Claims

Plaintiff claims to have fully exhausted his prison administrative remedies in connection with his First Amendment retaliation claim and Eighth Amendment deliberate indifference claim against

Defendant Bonilla through the inmate appeal log no. CSPC-8-18-05559 that was assigned OOA no. 18188363. (UF 21.)  Plaintiff also claims to have attempted to exhaust his prison administrative remedies regarding his First Amendment retaliation claim and Eighth Amendment deliberate indifference claim against Defendant Bonilla through the appeal log nos. CSPC-2-18-04625 and CSPC-2-18-04626. (UF 22.)

As an initial matter, appeal log no. CSPC-8-18-05559, did not exhaust any of the claims against Defendant Bonilla because he was not identified in this appeal.  (UF 25.)  See Woodford v. Ngo, 548 U.S. at 90-91; see also Estrada v. California Corr. Inst., No. 1:18-cv-00599-AWI-SAB (PC), 2021 WL 3268555, at *8 (E.D. Cal. July 30, 2021) adopted by 2021 WL 4123686 (E.D. Cal. Sept. 9, 2021) (finding the plaintiff failed to properly exhaust his administrative remedies because he did not name the defendant or specifically describe his alleged wrongdoing as required by CDCR's regulations).

Furthermore, appeal log no. CSPC-8-18-05559 was properly rejected at the third level of review for bypassing the required lower level of review.  (UF 29-30.)  Contrary to Plaintiff's contention, this appeal was properly rejected pursuant to section 3084.6(b)(15) as procedurally deficient.  See, e.g., Madrid v. Anglea, No. 1:19-CV-01456-NONE-JLT-PC, 2021 WL 4502846, at *3 (E.D. Cal. Oct. 1, 2021), adopted by, 2021 WL 4988864 (E.D. Cal. Oct. 27, 2021) (finding that plaintiff failed to exhaust his administrative remedies where plaintiff's appeal was rejected at the third level of review for bypassing the lower level of review); Hampton v. Virga, No. 2:13-CV-0923-JAM-DBP, 2019 WL 4596606, at *7 (E.D. Cal. Sept. 23, 2019), adopted by, 2019 WL 6009523 (E.D. Cal. Nov. 14, 2019) (finding that plaintiff failed to exhaust his administrative remedies where the only relevant grievance plaintiff filed was rejected at the third level of review and was not resubmitted).

Moreover, Plaintiff did not properly exhaust his administrative remedies against Defendant Bonilla through appeal log no. CSPC-2-18-04626 because this appeal was rejected at the second level of review for exceeding the number of available appeals filed in a 14-day period under § 3084.1 (UF 34), and it is undisputed that Plaintiff failed to submit this appeal to the OOA for the required final level of review (UF 37).  See Gonzales v. Gonzales, No. 1:19-cv-00459-NONE-SAB-PC, 2020 WL 4700736, at *8 (E.D. Cal. Aug. 13, 20202), adopted by, 2020 WL 5764252 (E.D. Cal. Sept. 28, 2020)

(finding the plaintiff failed to exhaust his administrative remedies where plaintiff's appeal was rejected at the institutional level of review for exceeding the number of available appeals filed in a 14-day period under § 3084.1 and plaintiff failed to correct any issue raised in the rejection notice and pursue the available remedies); Crawford v. Beard, No. 14-cv-05578-MEJ, 2017 WL 4354898, at *8-9 (N.D. Cal. Sept. 29, 2017) (same); Blacher v. Buffaloe, No. CV 16-5016-GW (AGR), 2020 WL 4037204, at *5 (C.D. Cal. June 4, 2020) (same).  To the extent Plaintiff contends that appeal log no. CSPC-2-18-04626 should have been processed as an emergency appeal, such claim is without merit. As stated above, the determination of whether a grievance warrants "emergency appeal" processing is done by the appeals coordinator.  Cal Code Regs. tit. 15, § 3-84.9(a)(2)-(3).  On appeal log no. CPSC-2-18-04625, it was unequivocally stated that emergency processing was not warranted.  (Mendez Decl. Ex. D.)

In addition, Plaintiff failed to exhaust his administrative remedies against Defendant Bonilla through appeal no. CSPC-2-18-04625 because Plaintiff failed to identify Defendant Bonilla in this appeal was required by the applicable regulations.  See Woodford v. Ngo, 548 U.S. at 90-91; see also Estrada v. California Corr. Inst., No. 1:18-cv-00599-AWI-SAB (PC), 2021 WL 3268555, at *8 (E.D. Cal. July 30, 2021) adopted by, 2021 WL 4123686 (E.D. Cal. Sept. 9, 2021) (finding the plaintiff failed to properly exhaust his administrative remedies because he did not name the defendant or specifically describe his alleged wrongdoing as required by CDCR's regulations).  Rather, appeal log no. CSPC-2-18-04625 alleged that on September 6, 2018, officer Perez sprayed inmates without cause and refused to allow them to properly decontaminate resulting in Plaintiff being in fear for his safety. (UF 38.) Nothing in this grievance identified or alleged any of the misconduct by Defendant Bonilla at issue in this action.  Accordingly, there is no merit to Plaintiff's claim that this appeal exhausted the administrative remedies with respect to Defendant Bonilla.

Lastly, Defendant has submitted evidence that from September 4, 2018 through August 4, 2020, Plaintiff did not submit any other inmate appeals grieving the purported misconduct by Defendant Bonilla.  (UF 39-40.)

///

///

25

5.     Defendant Perez

Plaintiff alleges that Defendant Perez was deliberately indifferent to his mental health when he: (a) refused to call for Plaintiff's psychiatric evaluation, denied Plaintiff mental health treatment, and failed to re-locate Plaintiff to another cell after he broke his cell window on September 4, 2018, told them he was suicidal, and threatened to cut his arm open with the glass from his broken window; (b) encouraged Plaintiff to cut himself and threatened him with physical harm; (c) laughed at, provoked and threatened Plaintiff on September 7, 2018 after he lacerated his left arm with the glass from his broken window and claimed to be still suicidal; (d) left Plaintiff in the shower, with his exposed and bleeding wounds, until the following morning; and (e) did not move Plaintiff to another cell, even though this cell still had a broken window with shards of glass inside and outside of the cell, until Plaintiff cut himself again on September 10, 2018. (UF 15.)  Plaintiff also alleges that Defendant Perez engaged in First Amendment retaliation against Plaintiff when he threatened him with physical harm for filing staff complaints and routine appeals. (UF 19.)

a.     **Retaliation Claim**

Plaintiff claims to have fully exhausted his prison administrative remedies in connection with his First Amendment retaliation claims against Defendant Perez through the inmate appeal log no. CSPC-8-18-05559 that was assigned OOA no. 18188363. (UF 21.)

It is undisputed that appeal no. CSPC-8-18-05559 was twice rejected at the third and final level of review pursuant to the then-operative California Code of Regulations, Title 15, Section 3084.6(b)(15) for bypassing the required lower level(s) of review.  (UF 29-30.)  To properly exhaust administrative remedies, prisoners "must complete the administrative review process in accordance with the applicable procedural rules." Woodford v. Ngo, 548 U.S. at 88. Procedural rules are not defined by the PLRA, but rather by a prison's specific grievance process requirements. Jones v. Bock, 549 U.S. at 218. The purpose of mandating exhaustion is to allow "prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being hauled into court." Id. at 204.  Contrary to Plaintiff's contention, this appeal was properly rejected pursuant to section 3084.6(b)(15) as procedurally deficient.  See, e.g., Madrid v. Anglea, No. 1:19-CV-01456-NONE-JLT-PC, 2021 WL 4502846, at *3 (E.D. Cal. Oct. 1, 2021), adopted by, 2021 WL 4988864 (E.D. Cal.

Oct. 27, 2021) (finding that plaintiff failed to exhaust his administrative remedies where plaintiff's appeal was rejected at the third level of review for bypassing the lower level of review); Hampton v. Virga, No. 2:13-CV-0923-JAM-DBP, 2019 WL 4596606, at *7 (E.D. Cal. Sept. 23, 2019), adopted by, 2019 WL 6009523 (E.D. Cal. Nov. 14, 2019) (finding that plaintiff failed to exhaust his administrative remedies where the only relevant grievance plaintiff filed was rejected at the third level of review and was not resubmitted).

In opposition, Plaintiff contends that appeal log no. CPSC-2-18-04625 exhausted his claims against Defendant Perez.  (Opp'n at 13.)  In appeal log no. CPSC-2-18-04625, Plaintiff claimed that Perez had been spraying inmates without cause and refused to allow them to properly decontaminate. Plaintiff claimed Perez stated that he was next and Plaintiff was afraid for his safety.  (Id. at 24.)  This appeal does not contain any allegations that Defendant Perez's purported threat to pepper spray Plaintiff had anything to do with any grievances or staff complaints.  Plaintiff's contention that this appeal should have been processed as an emergency appeal is rejected.  As stated above, the determination of whether a grievance warrants "emergency appeal" processing is done by the appeals coordinator.  Cal Code Regs. tit. 15, § 3-84.9(a)(2)-(3).  On appeal log no. CPSC-2-18-04625, it was unequivocally stated that emergency processing was not warranted.  (Mendez Decl. Ex. C.)

### b.    Eighth Amendment Claim

Plaintiff claims to have fully exhausted his prison administrative remedies in connection with his Eighth Amendment deliberate indifference claims against Defendant Perez through the inmate appeal log no. CSPC-8-18-05559 that was assigned OOA no. 18188363. (UF 20.)

It is undisputed that appeal no. CSPC-8-18-05559 was twice rejected at the third and final level of review pursuant to the then-operative California Code of Regulations, Title 15, Section 3084.6(b)(15) for bypassing the required lower level(s) of review.  (UF 29-30.)  To properly exhaust administrative remedies, prisoners "must complete the administrative review process in accordance with the applicable procedural rules." Woodford v. Ngo, 548 U.S. at 88.  Procedural rules are not defined by the PLRA, but rather by a prison's specific grievance process requirements. Jones v. Bock, 549 U.S. at 218. The purpose of mandating exhaustion is to allow "prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being hauled into court." Id. at

204.  Contrary to Plaintiff's contention, this appeal was properly rejected pursuant to section 3084.6(b)(15) as procedurally deficient.  See, e.g., Madrid v. Anglea, No. 1:19-CV-01456-NONE-JLT-PC, 2021 WL 4502846, at *3 (E.D. Cal. Oct. 1, 2021), adopted by, 2021 WL 4988864 (E.D. Cal. Oct. 27, 2021) (finding that plaintiff failed to exhaust his administrative remedies where plaintiff's appeal was rejected at the third level of review for bypassing the lower level of review); Hampton v. Virga, No. 2:13-CV-0923-JAM-DBP, 2019 WL 4596606, at *7 (E.D. Cal. Sept. 23, 2019), adopted by, 2019 WL 6009523 (E.D. Cal. Nov. 14, 2019) (finding that plaintiff failed to exhaust his administrative remedies where the only relevant grievance plaintiff filed was rejected at the third level of review and was not resubmitted).

In opposition, Plaintiff contends that appeal log no. CPSC-2-18-04625 exhausted his claims against Defendant Perez.  (Opp'n at 13.)  In appeal log no. CPSC-2-18-04625, Plaintiff claimed that Perez had been spraying inmates without cause and refused to allow them to properly decontaminate resulting in Plaintiff being in fear for his safety.  (Id. at 24.)  This appeal does not contain any allegations of deliberate indifference to Plaintiff's mental health.  Therefore, this grievance did not sufficient to exhaust the administrative remedies for Plaintiff's Eighth Amendment deliberate indifference claim against Defendant Perez.

Furthermore, Defendant has submitted evidence that from September 4, 2018 through August 4, 2020, Plaintiff did not submit any other inmate appeals grieving the purported misconduct by Defendant Perez.  (UF 39-40.)

6.    Other Appeals/Documents Referenced in Plaintiff's Opposition

Plaintiff attaches and references appeal log nos. COR-19-00376, and CSPC-2-19-00459, but these appeals do not demonstrate or create a genuine issue of material fact as to whether he exhausted his administrative remedies with respect to the claims at issue in this action.[4]  (Opp'n Exs. H, I.)

With regard to appeal log no. COR-19-00376, Plaintiff attaches the third level review response, dated March 12, 2019, which rejected the appeal pursuant to California Code of Regulations Title 15, sections 3084.6(b)(15) for inappropriately bypassing a lower level of review.  (Opp'n at 86.)  To

---

[4] Plaintiff also references appeal log no. CSPC-8-19-2356 (SAC-19-00853) which is addressed above in section 1(a) & (b).

properly exhaust administrative remedies, prisoners "must complete the administrative review process in accordance with the applicable procedural rules." Woodford v. Ngo, 548 U.S. at 88. Procedural rules are not defined by the PLRA, but rather by a prison's specific grievance process requirements. Jones v. Bock, 549 U.S. at 218. The purpose of mandating exhaustion is to allow "prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being hauled into court." Id. at 204.  This appeal was properly rejected pursuant to section 3084.6(b)(15) as procedurally deficient.  See, e.g., Madrid v. Anglea, No. 1:19-CV-01456-NONE-JLT-PC, 2021 WL 4502846, at *3 (E.D. Cal. Oct. 1, 2021), adopted by, 2021 WL 4988864 (E.D. Cal. Oct. 27, 2021) (finding that plaintiff failed to exhaust his administrative remedies where plaintiff's appeal was rejected at the third level of review for bypassing the lower level of review); Hampton v. Virga, No. 2:13-CV-0923-JAM-DBP, 2019 WL 4596606, at *7 (E.D. Cal. Sept. 23, 2019), adopted by, 2019 WL 6009523 (E.D. Cal. Nov. 14, 2019) (finding that plaintiff failed to exhaust his administrative remedies where the only relevant grievance plaintiff filed was rejected at the third level of review and was not resubmitted).

With regard to appeal log no. CSPC-2-19-00459, Plaintiff attaches the third level response, dated January 17, 2019, which rejected the appeal pursuant to California Code of Regulations Title 15, section 3084.6(b)(3) for excessing the allowable number of appeals filed in a 14 calendar day period. (Opp'n at 87.)  This appeal was properly rejected because submitting more than one appeal for initial review within a 14 calendar day period is considered excessive, unless the inmate is submitting an emergency appeal. Cal. Code Regs. tit. 15, ¶¶ 3084.4(a)(1)-(2), 3084.4(b). The repeated filing of cancelled appeals is also an abuse of the appeals process. (Id.) Appeals that are deemed a misuse of the appeals process can be rejected and the appeals office may place restrictions on an inmate who abuses the appeals process. (Id.)

Furthermore, to the extent Plaintiff attaches and references several CDCR Form 22 requests, they do not exhaust the administrative remedies for purposes of court action.  15 Cal. Code Regs. § 3086.  Rather, as set forth above, California inmates must submit their appeals on the proper grievance form. To the extent Plaintiff mistakenly believed his Form-22 exhausted or that he somehow continued the appeal process by filing the Form 22, a reasonable but mistaken belief is not an

exception to the exhaustion requirement. The Supreme Court in <u>Ross</u> specifically held that a reasonable misunderstanding of the prison's grievance procedure does not render the process "unavailable" for exhaustion purposes. 578 U.S. at 641.  Accordingly, Plaintiff has failed to exhaust the administrative remedies, and Defendants' motion for summary judgment should be granted.

**IV.**

**RECOMMENDATIONS**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Defendants' exhaustion motion for summary judgment be granted; and

2.      The instant action be dismissed, without prejudice, for failure to exhaust the administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 13, 2022**

UNITED STATES MAGISTRATE JUDGE